1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  R. TRAVIS CAMPBELL (SBN 271580)
   tcampbell@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6
   Attorneys for Defendant
7  Stelios Andrew Harris

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12

13  CINNAMON P. JOHNSTON,            )  CASE NO.: SACV11-00628 JST (JCGx)
                                     )
14         Plaintiff,                )  **ANSWER TO COMPLAINT**
                                     )
15                                   )
                                     )
16         vs.                       )
                                     )
17                                   )
    DISCOVER BANK; DISCOVER          )
18  FINANCIAL SERVICES, INC.;        )
    MANN BRACKEN, LLP; ARTHUR        )
19  JOSEPH TESSIMOND; STELIOS        )
    ANDREW HARRIS, and Does 1        )
20  through 10,                      )
                                     )
21                                   )
           Defendants.                )
22  _____ )

Defendant STELIOS ANDREW HARRIS ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant is informed and believes, and based thereon admits, that Plaintiff has been a resident of California.

2. Defendant presently lacks sufficient knowledge to form a belief as to the allegations of Paragraph 2 of the Complaint and on that basis, Defendant denies them.

3. Defendant presently lacks sufficient knowledge to form a belief as to the allegations of Paragraph 3 of the Complaint and on that basis, Defendant denies them.

4. In answering Paragraph 4 of the Complaint, Defendant admits that on May 27, 2009, while he was working as an employee of the Mann Bracken law firm, he signed a complaint on behalf of Discover and against plaintiff, and that the complaint was subsequently filed on June 19, 2009. The contents of that complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. Denied.

6. Defendant admits that a dismissal of the action was entered on or about August 13, 2009.

7. Defendant presently lacks sufficient knowledge to form a belief as to the allegations of Paragraph 7 of the Complaint and on that basis, Defendant denies them.

8. Defendant presently lacks sufficient knowledge to form a belief as to the allegations of Paragraph 8 of the Complaint and on that basis, Defendant denies them.

9. Defendant avers that no response to Paragraph 9 of the Complaint is presently required of him.

10. Denied.

11. In answering Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 and Civil Code § 1788.  Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

12. In answering Paragraph 12 of the Complaint, Defendant admits on information and belief that Mann Bracken, at times, acted as a "debt collector" as that term is defined by 15 U.S.C. §1692 and Civil Code § 1788.  Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether the obligation is a "consumer debt" as defined by 15 U.S.C. § 1692 and Civil Code § 1788.  Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendant admits, on information and belief based upon a review of the electronic records of the Mann Bracken firm that he has subsequently obtained, that on or about June 16, 2009, Plaintiff's ex-husband agreed to pay the financial obligation in full utilizing a check-by-phone payment.  Defendant denies on information and belief that the entire balance of the debt "was paid" before the date the suit was filed, because Defendant is not aware of any evidence that the check had cleared as of that date.  Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendant admits, on information and belief based upon a review of the electronic records of the Mann Bracken firm that he has subsequently obtained, that on or about June 16, 2009, Plaintiff's ex-husband agreed to pay the financial obligation in full utilizing a check-

by-phone payment. Defendant denies on information and belief that the firm had "accept[ed] payment in full for the entire amount owed" before the date the suit was filed, because Defendant is not aware of any evidence that the check had cleared as of that date. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. In answering Paragraph 21 of the Complaint, Defendant presently lacks information upon which to form a belief as to those allegations, and on that basis, Defendant denies them.

22. Admitted.

23. Denied.

24. Denied.

25. Defendant incorporates by reference paragraphs 1 through 24 above as if fully stated herein.

26. Denied.

27. Denied.

28. Denied.

29. Defendant incorporates by reference paragraphs 1 through 28 above as if fully stated herein.

30. Denied.

31. Denied.

32. Denied.

33. Defendant incorporates by reference paragraphs 1 through 32 above as if fully stated herein.

34. Denied.
35. Denied.
36. Denied.
37. Defendant incorporates by reference paragraphs 1 through 36 above as if fully stated herein.
38. Denied.
39. Denied.
40. Denied.
41. Denied.
42. Defendant incorporates by reference paragraphs 1 through 42 above as if fully stated herein.
43. Denied.
44. Denied.
45. Defendant incorporates by reference paragraphs 1 through 44 above as if fully stated herein.
46. Denied.
47. Admitted.
48. Denied.
49. Denied.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and the Rosenthal Act must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Standing/Estoppel)

Plaintiff lacks standing and is judicially estopped from pursuing the claims in this action based upon her failure to disclose them and claim them as exempt property in the schedules to her bankruptcy petition.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Debt Collector)

Defendant is an attorney at law and therefore is not a "debt collector" within the meaning of the Rosenthal Act.

## FIFTHTEENTH AFFIRMATIVE DEFENSE
### (Litigation privilege)

Plaintiff's state law claims arise out of alleged statements and communicative conduct made in connection with ongoing litigation and are therefore barred as a matter of law by the absolute litigation privilege.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.
3. That Defendant recover attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: April 28, 2011        SIMMONDS & NARITA LLP
                             TOMIO B. NARITA
                             R. TRAVIS CAMPBELL


                             By:   s/R. Travis Campbell
                                   R. Travis Campbell
                                   Attorneys for Defendant
                                   Stelios Andrew Harris