JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV-11-00628-JST (JCGx) | Date: June 16, 2011 |
| Title:  Cinnamon P. Johnston v. Discover Bank et al. | |

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                             Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 8)**

   Plaintiff Cinnamon P. Johnston brought a consumer credit action against several parties, including Stelios Andrew Harris ("Defendant").  Defendant now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Plaintiff lacks standing.  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the reasons set forth below, the Court GRANTS Judgment on the Pleadings.

**I.    LEGAL STANDARD**

   A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6); therefore, the same legal standard applies to both motions.  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Rule 12(b)(6) allows defendants to seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Judgment on the pleadings is therefore appropriate only "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV-11-00628-JST (JCGx)                                     Date: June 16, 2011
Title:  Cinnamon P. Johnston v. Discover Bank et al.

## II.   BACKGROUND

Plaintiff alleges that on June 19, 2009, Defendants wrongfully filed a legal action against her. (Not. of Removal, Doc. 1, Ex. A, Compl. ¶¶ 4, 5.)  On February 26, 2010, Plaintiff filed for bankruptcy.[1]  (Request for Judicial Notice ("RJN") ¶ 2.)  At no time did she list any legal claims against Defendant in her bankruptcy schedule.  (RJN ¶ 1.)  Plaintiff filed the instant consumer credit action on June 18, 2010.  (Compl. at 1.) The bankruptcy court issued a discharge of debtor on June 29, 2010, and issued an order closing the bankruptcy case on July 20, 2010.  (RJN ¶¶ 3, 4.)  Harris answered the instant Complaint on April 18, 2011 and filed this Motion for Judgment on the Pleadings on May 18, 2011.  (Docs. 5, 8.)

## III.   ANALYSIS

Defendant argues that Plaintiff lacks standing to bring the instant suit because the claims alleged therein remain with the bankruptcy estate; thus, the bankruptcy trustee, not Plaintiff, is the "real party in interest." (Mot. at 1.); Fed. R. Civ. P. 17(a)(1) ("[Every action] must be prosecuted in the name of the real party in interest.").  Filing a petition for bankruptcy creates a bankruptcy estate.  11 U.S.C. § 541(a); *see FitzSimmons v. Walsh* (*In re FitzSimmons*), 725 F.2d 1208, 1210 (9th Cir. 1984).  All of the debtor's assets, including potential legal interests, become the property of this estate at the commencement of a bankruptcy case.  *In re FitzSimmons* at 1210.  As part of filing for bankruptcy, debtors are required to file a "schedule" of their assets. 11 U.S.C. § 521(a)(1)(B)(i).  A legal claim is a separate asset which must be formally listed in

---

[1]   "Generally a court may not consider material beyond the complaint in ruling on a [Rule] 12(b)(6) motion." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).  "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," however, as long as the noticed facts are not "subject to reasonable dispute."  *Lee*, 250 F.3d at 689 (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

Here, Defendant requests that the Court take judicial notice of pleadings and the docket report from a related case, i.e., Plaintiff's petition for bankruptcy. (Request for Judicial Notice ("RJN"), Doc. 8-1.)  Specifically, Defendant requests that the Court take judicial notice of: (1) Plaintiff's voluntary petition and schedules from her bankruptcy case, filed on February 26, 2010; (2) the docket report in Plaintiff's bankruptcy case, which includes the Chapter 7 Trustee's Report of No Distribution filed on April 19, 2010; (3) a copy of the bankruptcy court's "Discharge of Debtor" entered on June 29, 2010; and (4) a copy of the bankruptcy court's order closing the case on July 20, 2010.  (RJN at i.)  The Court takes judicial notice of the existence of these documents, including the date on which they were filed and what was written on the documents, but does not accept as true the facts found or alleged in the documents.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (citing *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983)); *Lee v. City of Los Angeles*, 250 F.3d 668, 690.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV-11-00628-JST (JCGx) | Date: June 16, 2011 |
| Title:  Cinnamon P. Johnston v. Discover Bank et al. | |

this schedule.  *See Vreugdenhill v. Navistar Intern. Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991).  "[When a debtor] fail[s] properly to schedule an asset, including a cause of action, that action continues to belong to the bankruptcy estate and [does] not revert to [the debtor]."  *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001).

Plaintiff admits that she was aware of her potential claims against Defendant by August 13, 2009.  (Compl. ¶ 6).  Thus, when Plaintiff filed for bankruptcy approximately six months later on February 26, 2010, she had an obligation to schedule her potential claims.  *See* 11 U.S.C. § 521(a)(1).  It is also undisputed that Plaintiff failed to list these legal claims on her schedule. (RJN at 23.)  Therefore, Plaintiff's claims against Defendant remain "dormant in the bankruptcy estate."  *Cusano*, 264 F.3d at 948.  "Because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the [claims] that belong to the estate."  *Griffin v. Allstate Ins. Co.*, 920 F.Supp. 127, 130 (C.D. Cal. 1996).  Thus, the bankruptcy trustee, not Plaintiff, is the real party in interest, and Plaintiff lacks standing to bring her claim against Defendant.[2]

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Judgment on the Pleadings.  Accordingly, the hearing set for Monday, June 20, 2011, at 10:00 a.m., and all scheduled dates, are removed from the Court's calendar.

Initials of Preparer:  enm

---

[2] Because the Court finds that Plaintiff lacks standing, the Court does not address Defendant's argument that Plaintiff is judicially estopped from bringing her claim.